UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICOLE C., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00415-NT |
| | ) | |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDED DECISION**

Defendant, the Commissioner of Social Security, partially denied Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Defendant determined that, except for a four-month period, Plaintiff maintained the capacity to work despite severe impairments.

On her complaint for judicial review, Plaintiff contends the Administrative Law Judge (ALJ) erred when she declined to consider additional medical and vocational evidence that Plaintiff submitted after the deadlines established by the ALJ for post-hearing filings. Plaintiff also argues that the ALJ erred when she found that Plaintiff's alleged ADHD did not constitute a medically determinable impairment.

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE HEARING AND FINDINGS**

The ALJ conducted an evidentiary administrative hearing on November 30, 2021.

(R. 66.) During the hearing, Plaintiff's counsel and the ALJ discussed outstanding medical records (R. 96, 107), and potential vocational rebuttal evidence. (R. 75-76, 107.)

The ALJ and Plaintiff's attorney engaged in the following colloquy:

ALJ:

Your prehearing objections related to the vocational expert testimony are overruled as premature. Post-hearing briefing is optional, but it is due no later than the close of business on December 7th, 2021. To be clear, the deadline also encompasses any rebuttal arguments, affidavits or evidence concerning vocational expert testimony, job numbers or the like, from you or any third party. . . Now, I previously indicated to you that I am not persuaded by your argument that VE rebuttal evidence may be submitted at any time prior to the decision, and I've given my position on the matter. Mr. Morse, do you need me to repeat this position now, or do you agree you have sufficient notice that I may exclude untimely VE rebuttal evidence?

Plaintiff's Attorney:

Yes, your honor. I am sufficiently on notice of your position.

(R. 76.)

After Plaintiff testified that she had recently treated with Lori Nicholas, APRN, the ALJ requested the record from Plaintiff's attorney:

ALJ:

So, Mr. Morse, I would like Dr. Nicholas' office visit from the 16th.

Plaintiff's Attorney:

Okay.

ALJ:

In particular, because we have a medical opinion to note. So, we do need the complete treatment notes for that. So, I'm going to fix a deadline for December 14th, but if you need more time, just submit your written extension request to the file by that date.

Plaintiff's Attorney:

Yes, ma'am.

(R. 96.)

Subsequently, the ALJ and counsel returned to the topic of post-hearing filings:

ALJ:

And just to review, post-hearing briefing and any vocational expert rebuttal evidence is due by close of business on December 7th. In addition, you're going to submit the 1696, and the Nichols, the Dr. Nichols office visit from [November] 16th is due in by close of business on the 14th, or you can submit a written extension request if you're having trouble getting that. Did you have any brief statement that you wanted to make in closing?

Plaintiff's Attorney:

No, your honor. Thank you.

(R. 108.)

Plaintiff filed the affidavit of a vocational expert on December 14, 2021, and filed

the additional medical evidence on January 31, 2022. The ALJ excluded both as untimely. (R. 11-13.)

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of anxiety disorder and depressive disorder. (R. 16.) Relevant here, the ALJ found Plaintiff had the residual functional capacity to understand, remember, and carry out simple instruction and tasks; Plaintiff could be in the vicinity of, but could have no interaction with, the public; and Plaintiff was able to adapt to simple changes in the work setting. (R. 20.)

The ALJ found three time periods relevant to Plaintiff's disability. The ALJ determined that prior to January 29, 2019, Plaintiff was not disabled (R. 24, 27); that Plaintiff was disabled from January 29, 2019, until May 20, 2020 (R. 25); and that as of May 21, 2020, Plaintiff was no longer disabled. (R. 27.)

## DISCUSSION

### A. VE Rebuttal Evidence

Plaintiff contends that under the applicable social security regulations and policy, the ALJ is not authorized to establish a pre-decision deadline for a claimant to file post-hearing vocational evidence. Plaintiff maintains that Social Security Ruling (SSR) 96-9p governs a claimant's ability to submit rebuttal vocational evidence. SSR 96-8p provides in pertinent part:

> At the hearings and appeals levels, vocational experts (VEs) are vocational professionals who provide impartial expert opinion during the hearings and appeals process either by testifying or by providing written responses to interrogatories. A VE may be used before, during, or after a hearing. Whenever a VE is used, the individual has the right to review and respond

to the VE testimony prior to the issuance of a decision.

1996 WL 374185 at *9 n.8. According to Plaintiff, pursuant to SSR 96-9p, the ALJ was required to admit and consider the evidence provided Plaintiff filed it before the ALJ issued her decision.

As I recently noted, this District has considered Plaintiff's argument and found it unpersuasive. *Katrina M. v. O'Malley*, No. 1:23-cv-00360, 2024 WL 2178798, at *2 (D. Me. May 13, 2024) (citing *Raymond B. v. O'Malley*, No. 1:22-cv-00393-JAW, 2024 WL 277833 (D. Me. Jan. 25, 2024) (*recommended decision aff'd* Apr. 23, 2024); *Kenneth W. v. O'Malley*, No. 2:23-cv-00204-JDL, 2024 WL 277833 (D. Me. Jan. 25, 2024) (*recommended decision aff'd* Apr. 19, 2024)). The ALJ has the authority to establish and enforce a reasonable deadline for the post-hearing submission of vocational evidence. The deadline was clearly established and understood by Plaintiff's counsel. Plaintiff's argument does not warrant any further discussion.[1]

**B. Additional Medical Evidence**

Plaintiff submitted additional medical records on January 31, 2022 (R. 417), two months after the administrative hearing and more than six weeks after the December 14 deadline for the filing of the records. The ALJ declined to admit the Plaintiff's post hearing submission of medical records from Lori Nicholas, PMHNP.

In declining to admit the medical records, the ALJ wrote in part:

[1] Plaintiff's related argument that Defendant's failure to address specifically Plaintiff's argument that the ALJ left the record open until December 14, 2021, prevents Defendant from arguing that the December 7 deadline governs the filing of the rebuttal VE evidence is unavailing. The mere fact that a party does not comment on a particular argument does not constitute a waiver of objection to or agreement with the argument.

> [N]othing was submitted [by the December 14 deadline] and no extension request was received. The cover letter (21E) does not explain why these records were submitted late, even though the cover letter indicates that some portion of the date range is after the hearing, there is no indication the record is non-cumulative or relevant to the issues in the case, as required by SSR 17-4p.

(R. 13.)

As a general rule, Plaintiff must submit or inform the ALJ of any written evidence "no later than 5 business days" before the hearing. 20 C.F.R. § 404.935. The regulation, however, recognizes certain exceptions to the 5-day rule, which exceptions include "unavoidable circumstance[s] beyond [a claimant's] control. 20 C.F.R. § 404.935(b)(3).

A portion of the records was generated following a telephonic consult with Nurse Nicholas on January 13, 2022. The January 13 note, therefore, was unavailable at the time of hearing and by the post-hearing deadline (December 14) for the filing of the additional medical records. Common sense suggests that a record of treatment that occurred post-hearing would potentially be admissible as an exception to the 5-day rule. In fact, as Plaintiff notes, Social Security Administration policy acknowledges that evidence related to ongoing treatment would likely qualify as an exception to the rule. (Plaintiff's Reply at 9, ECF No. 18) (citing 81 Fed. Reg. 90987-01, *90990-91 (Dec. 16, 2016)).

However, "'the mere fact that the evidence was created post-hearing' does not, standing alone, satisfy subsection (b)'s exception to the five-day rule." *Sharlene A. o/b/o D.A.C. v. Comm'r of Soc. Sec.*, No. 23-CV-616-FPG, 2024 WL 1743098, at *3 (W.D. N.Y. Apr. 23, 2024) (quoting *Samuel C. v. O'Malley*, No. 22-CV-227, 2024 WL

1342771, at *6 (D.D.C. Mar. 29, 2024)). Indeed, this District has explained that a per se rule of admissibility would be unreasonable and unworkable:

> [Such a standard] would allow every applicant for benefits to submit evidence created after the date of hearing – even, as in the instant case, only two days before the administrative law judge's opinion is issued – and thereby obtain reopening of the application for consideration of that evidence. The practical administrative difficulties that would be caused by such a rule are obvious.

*Brigham v. Colvin*, No. 1:15-cv-00433-JHR, 2016 WL 4994990, at *2 (D. Me. Sept. 19, 2016). In a case of excluded evidence, a plaintiff must "show that [the] evidence not considered by an administrative law judge would cause the commissioner to reach a different result." *Id*. at *3.

Here, Plaintiff contends the excluded evidence "includes crucial treatment and observations of Plaintiff's mental health status which postdate the hearing. This was crucial time-relevant medical evidence of Plaintiff's mental impairments." (Plaintiff's Brief at 6, ECF No. 12.) Plaintiff's contention is conclusory. She does not cite, and the additional records do not include, evidence that differs materially from the evidence of record or that could reasonably be viewed as likely to generate a different result. Plaintiff essentially suggests a per se rule must apply – that all records of post-hearing treatment for a claimed impairment must be admitted. This District and others have understandably rejected such a per se rule. In short, Plaintiff has failed to demonstrate that the ALJ erred in excluding the evidence.

**C. ADHD – Medically Determinable Impairment**

Plaintiff argues the ALJ erred when she did not find her ADHD to be a medically

determinable impairment. Plaintiff contends that without considering Plaintiff's ADHD a medically determinable impairment, the ALJ erred in her RFC assessment.

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

At step 2 of the sequential evaluation process, a claimant must demonstrate the existence of medically determinable impairments that are "severe" from a vocational perspective, and that the impairments meet the durational requirement of the Social Security Act. 20 C.F.R. § 416.920(a)(4)(ii). A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. A claimant's "statement of symptoms, a diagnosis, or a medical opinion" cannot establish an impairment. *Id*. If a medically determinable impairment is established, the severity of the impairment is assessed at step 2. *Id.*

After a review of the record, the ALJ found Plaintiff's alleged ADHD was not a medically determinable impairment. The ALJ reasoned:

> The claimant's alleged attention deficit hyperactivity disorder (ADHD), and personality disorder, are not medically determinable under this agency's rules during the period under review. These impairments have not been diagnosed by an acceptable medical source based upon appropriate laboratory testing and clinical findings. The claimant's symptoms alone cannot establish the existence of an impairment. (SSR 16-3p). Although treatment notes indicate a history of ADHD and personality disorder, it does not appear that the claimant has been actively or significantly treated for these impairments during the relevant period. Moreover, the claimant's ADHD responded well to Vyvanse and any symptoms related to these impairments overlap with the claimant's severe mental health impairments and are fully accommodated within the RFC statement. (Ex 4F/52; 6F/104; 8F/16). Regardless of precise diagnosis, the claimant's complete mental functioning has been considered since the amended alleged onset date.

(R. 18.)

Although the record includes many references to Plaintiff's ADHD, the evidence cited by Plaintiff to support her ADHD claim can fairly be characterized as the result of Plaintiff's report of symptoms (e.g., worry, restlessness, distracted) rather than the result of objective medical evidence. The ALJ's determination, therefore, is supportable under the applicable regulation. 20 C.F.R. § 404.1521 (A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source.")[2]

Even if the ALJ erred in her determination and even if the ADHD were deemed to be a severe impairment, remand is not warranted. Plaintiff has not demonstrated that

[2] Plaintiff's contention that the ALJ's observation that "the claimant's ADHD responded well to Vyvanse" does not support the ALJ's conclusion is not unreasonable. Whether medication adequately addresses a condition is typically an issue that is relevant to whether a medically determinable impairment is severe, not whether the condition constitutes a medically determinable impairment. The conflation of the two concepts, however, does not require a different conclusion – the fact remains that the record lacks the objective medical evidence necessary to find a medically determinable impairment. Furthermore, as discussed below, the record lacks any competent evidence that Plaintiff's alleged ADHD requires any further RFC limitations.

Plaintiff's alleged ADHD would require a different RFC.

An "ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment."). In other words, while an ALJ is not required to call a medical expert, *see Hallock v. Astrue*, No. 2:10-cv-00374-DBH, 2011 WL 4458978, at *2 (D. Me. Sept. 23, 2011) (rec. dec., *aff'd* Feb. 28, 2010), an ALJ may not substitute her or his judgment for that of an expert, nor translate raw medical data into an RFC assessment. *See, e.g., Nguyen*, 172 F.3d at 35; *Manso-Pizzaro*, 67 F.3d at 16.

The record does not support a finding that the extent of the limitations presented by Plaintiff's mental health conditions is within the knowledge of a lay person. The experts upon whom the ALJ relied, Brian Stahl, Ph.D., and David Houston, Ph.D., considered the relevant medical records and the symptoms about which Plaintiff complained, including the symptoms Plaintiff attributes to ADHD. (R. Ex. 3A, 4A, 7A, 8A.) The ALJ supportably relied on the opinions of Drs. Stahl and Houston in her assessment of Plaintiff's limitations. The ALJ also considered Plaintiff's "complete mental functioning" "regardless of diagnosis." (R. 18.)

Plaintiff, however, cites no expert opinion to support her claim that further limitations in her RFC would be necessary due to her alleged ADHD. Nurse Nicholas did not distinguish Plaintiff's ADHD from Plaintiff's other mental health impairments (i.e., PTSD, Anxiety, Depression, Opiod Dependence) when she assessed Plaintiff's limitations in February 2021. (R. 1415-17.) Neither the opinion of Nurse Nicholas nor any other expert opinion supports the conclusion that Plaintiff's ADHD, as distinguished from the medically determinable impairments found by the ALJ, would require additional limitations. Plaintiff thus has failed to demonstrate that she was harmed due to the ALJ's alleged error regarding Plaintiff's alleged ADHD.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of July, 2024.